# Exhibit B

# TIAJOLOFF & KELLY LLP

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: ekelly@tkiplaw.com

December 3, 2012

**Via Email (CPham@JohnsonPham.com, agaribyan@JohnsonPham.com)**
**Conf. by Mail**
Christopher Q. Pham, Esq.
Ani Garibyan, Esq.
Johnson & Pham, LLP
6355 Topanga Canyon Blvd.
Suite 326
Woodland Hills, California 91367

Re: Otter Products LLC v. One Click Enterprises 1, Inc. (E.D.N.Y.)

Dear Chris and Ani:

We write in response to Plaintiff's responses to Defendants' First Request for Production of Documents and Things and Plaintiff's document production served upon Defendants on November 6, 2012. Briefly stated, Plaintiff's responses are incomplete and fail to disclose information highly relevant to this action on the basis of objections that lack merit.

As an initial matter, Plaintiff has failed to identify (by Bates numbers) which documents are responsive to Defendants' request for documents. Under Rule 34 of the *Federal Rules of Civil Procedure* ("FRCP"), Plaintiff must produce the documents as they are they kept in the regular course of business and/or must organize and label the documents to correspond to the categories in the request. Accordingly, Plaintiff must provide a response indicating which documents are responsive to Defendants' document requests.

The following lists some of the deficiencies in Plaintiff's discovery responses.

I.     **Highly Relevant Documents in Plaintiff's Possession Have Not Been Disclosed**

(1)     At least as early as July of 2012, Plaintiff has represented to Defendants that Plaintiff has documents evidencing the counterfeit nature of the iPhone case allegedly purchased from Defendants ("iPhone Case"). Plaintiff represented that it would disclose this information to Defendants to induce Defendants to disclose its sales and purchases of Otter Products under the belief that the parties could enter into early settlement

negotiations. Plaintiff's counsel also represented to the court in the Central District of California (as evidenced in the Scheduling Conference transcript) that Plaintiff would provide information on the identifying markers and security measures used to determine the counterfeit nature of the iPhone Case so long as such disclosure was subject to a Protective Order due to the confidential nature of this information. As you know, a Protective Order has been entered in this action. Despite representations to Defendants and the Court and the issuance of a Protective Order, Plaintiff has not provided a single document evidencing the counterfeit nature of the iPhone Case; instead, Plaintiff merely provides the hearsay testimony of Plaintiff's Brand Protection Manager.. As a matter of fact, not one document has been disclosed by Plaintiff that is subject to the Protective Order.

**Assuming your representations regarding the documents evidencing the counterfeit nature of the iPhone Case are accurate, these documents must be disclosed pursuant to Rule 34 of FRCP (and as requested in Defendants' Document Request Nos. 2 and 4) or Defendants must confirm that such documents do not exist; otherwise, Defendants will be forced to seek the intervention of the Court.**

To the extent that you seek to rely on the timing of expert disclosure as a basis for your objection–such reliance is contrary to your prior representations to Defendants and the Court that you would disclose documents evidencing the counterfeit nature of the iPhone Case so long as subject to the Protective Order.

(2)     Defendants' Document Request No. 16 requests that all documents be disclosed regarding KDL Wireless and Elood Distributors ("Elood"). Plaintiff represented to Defendants' counsel that Plaintiff had obtained evidence on the sale of counterfeit goods by these distributors. Despite such representation, Plaintiff has not disclosed any information on KDL Wireless and has only disclosed one document related to Elood, which is hearsay testimony from a third-party investigator, who was apparently informed by Plaintiff's Brand Protection Manager that there were approximately 10 seizures by U.S. Customs and Border Protection ("CBP") related to Elood Distributors (See OP 000122-000123) ("CBP Seizures"). Accordingly, any other documents responsive to Document Request No. 16 must be produced or Plaintiff must confirm that no other documents are in its possession, custody or control.

(3)     With respect to the CBP Seizures, Plaintiff must provide (per Defendants' Document Request No. 16) all documents referring or relating to the alleged CPB Seizures, including without limitation:

    (a) all documents related to the detention of the goods subject of the CPB Seizures;

    (b) all documents provided to Plaintiff by CPB regarding the CPB Seizures, including all documents provided by the CPB for purposes of determining whether such goods are counterfeit, including photographs, serial numbers, dates of manufacture, lot codes, batch numbers, universal product codes, or other identifying marks appearing on the merchandise or its retail packaging;

    (c) all documents submitted by Elood or on behalf of Elood regarding the CPB

2

Seizures;

(d) all documents related to any claims, petitions for administrative relief or forfeiture of the goods; and

(e) all documents regarding any penalties, if any, that were imposed.

## II.   The Following Responses to Defendants' Document Requests Are Deficient and Require a Complete Response

As an initial matter, we note that Plaintiff objects to several of Defendants' requests based on a claim of attorney/client privilege or work product – it is clear that Plaintiff has used this as a boilerplate objection, *regardless of its applicability*, in an attempt to evade Defendants' requests.

Further, Plaintiff has failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" pursuant to FRCP Rule 26(b)5.

The Local Rules of the Eastern District of New York (26.2) also require you to serve a privilege log designating the documents withheld from production. Additionally, your boilerplate objections to production of documents that are confidential or trade secrets are unfounded particularly where a Protective Order already has been entered.

The following are specific instances where your responses and production are insufficient:

- With respect to <u>Defendants' Document Request No. 1</u>, Plaintiff fails to disclose information on the corporate existence and ownership of Otter Products LLC. Defendants request documents sufficient to identify Plaintiff's corporate existence, which is not overly broad and is certainly not subject to business or trade secret. Further, the individuals or companies controlling and operating the business filing the claim against Defendants is clearly relevant to the matter at hand.

- Plaintiff has not disclosed documents evidencing the chain of custody for the iPhone Case, which are responsive to, *inter alia*, <u>Document Request Nos. 2, 3, 4 and 5</u>. Plaintiff has only provided Document Bates No. OP00035, which is insufficient. Plaintiff is requested to confirm if no such documents exist.

- Plaintiff objects to <u>Document Request No. 6</u> to the "the extent that it seeks conclusions and/or opinions provided by expert contrary to Rule 26 of FRCP" or because such documents are subject to attorney/client privilege. Defendants note that the request for documents sufficient to identify its manufacturers are clearly not subject to attorney/client privilege or a conclusion or opinion of an expert. Further, the supply chain is clearly relevant to determination of fault with respect to an alleged unauthorized product in the market.

With respect to <u>Document Request No. 6</u>, to the extent that any terms are ambiguous, and in response to Plaintiff's objection that the request is overly broad, Defendants clarify and revise as follows: *With respect to Plaintiff's products bearing the Otter Mark as identified in Paragraph 14 of the Complaint, Plaintiff is to provide documents sufficient to identify: 1) any instructions and quality control measures for the manufacture or distribution of Otter Products that have been provided to Plaintiff's manufacturers or distributors within the past five (5) years; and 2) documents sufficient to identify the name and address of each manufacturer of Otter Products in the last five (5) years.*

*(It is clear that Plaintiff requires certain materials to be used in the production of its products bearing the Otter Mark and that Plaintiff provides instructions to its manufacturers to ensure quality control. These documents are clearly relevant to an action for counterfeiting and trademark infringement – especially in light of Plaintiff's claim that the iPhone Case is counterfeit because it is the "wrong material." )*

To the extent that Plaintiff objects on the basis of attorney/client privilege and/or work product, Plaintiff must specify which part of the request that such objection is applied and comply with Rule 26(b)5 and the Local Rules.

- With respect to <u>Defendants' Document Request No. 7</u>, Plaintiff objects that the language is ambiguous. Plaintiff further objects that such request is broad in scope. Accordingly, Defendants clarify and limit the scope of the request as follows: *With respect to any manufacturer or distributor authorized by Plaintiff to manufacture, distribute or sale any product bearing the Otter Mark, Plaintiff is to produce all documents referring or relating to any complaint, litigation, legal proceeding of any type or letter expressing any concern of regarding the authenticity or quality of any product bearing the Otter Mark. As an example, any letter written by or on behalf of Plaintiff to an authorized manufacturer, or representative of such manufacturer, expressing any concern regarding the manufacture or production of any product bearing an Otter Mark.*

- Defendants have not identified any documents responsive to <u>Document Request No. 12</u>.

- Plaintiff objects to <u>Document Request No. 17</u> on the basis that the request is compound, vague and ambiguous. Accordingly, Defendants clarify as follows: "search reports" refers to any type of search conducted with respect to the Otter Marks, including trademark clearance searches; "registrability opinions" is as plainly stated, opinions, reports and such related to or regarding the ability to register the Otter Marks. Rule 26 regarding expert testimony at trial is not applicable here as Defendants are not requesting the opinion of expert testifying at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

- Plaintiff's objections to <u>Document Request No. 18</u> is without merit. Defendants' request for documents sufficient to identify any licensee of the Otter Marks is clearly relevant in an action for the sale of counterfeit goods and trademark infringement. This request is not overly broad, and upon a reasonable inquiry, Plaintiff's counsel would

likely learn that this information is readily available. Indeed, trademark owners are required to exercise security and quality control measures over licensees – thus, information on licensees should be kept in the ordinary course of business.

- Plaintiff has failed to provide documents in response to <u>Document Request No. 19</u>. The objections are unfounded and simply not credible. It is difficult to believe that Plaintiff would not maintain sales or revenue summaries in the normal course of its business. Defendants have requested documents sufficient to identify Plaintiff's gross annual sales and Plaintiff's objection that such request is overly broad is without merit. Plaintiff's objection that annual sales are subject to attorney/client privilege is even more incredulous.

- Plaintiff has failed to provide Consent Judgments as requested in <u>Document Request No. 26</u>, on the basis that it is confidential under Federal Rules of Evidence 408. FRE 408 applies to negotiations and offers, not consent judgments. Plaintiff then proceeds to note that any consent judgment is public information of which Defendants have equal access. Defendants are not aware of every court and jurisdiction in which a consent judgment was issued with respect to products bearing an Otter Mark or counterfeit Otter Mark. Accordingly, Plaintiff is required to provide the relevant documents. [For purposes of clarification this request includes copies of all Consent Judgments and any other documents that relate to the Consent Judgments, including emails.

- Plaintiff has produced blurry and illegible images of the iPhone Case, including OP 00037 and OP 00044. Images of the iPhone Case and any identifying marks on the packaging are highly relevant to this case. It is within Plaintiff's ability and control to take a picture that is not blurred and at least legible. Defendants request that these images be disclosed. Defendants reserve their right to a full inspection of the iPhone case purchased by Plaintiff's investigator.

Defendants reserve the right to supplement this request for further responses and documents once Plaintiff identifies (by Bates numbers) the documents responsive to each of Defendants' requests.

Regards,

Ed Kelly

Edward P. Kelly



December 28, 2012

*Via E-mail (ekelly@tkiplaw.com)*
Edward P. Kelly, Esq.
Tiajaloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, NY 10174

      **Re:**   *Otter Products, LLC v. One Click Enterprises 1, Inc., et al.*
             1:12-CV-05734-RJD-VMS

Dear Mr. Kelly:

     This letter is written in response to your letter, dated December 3, 2012, regarding Plaintiff's responses to Defendants' First Request for Production of Documents and Things. We will address your concerns in the same turn.

     Firstly, Plaintiff has responded to and produced documents in its possession in the manner it is kept through the regular course of business. These documents were produced to Defendants and labeled OP 0001- OP000127. Should Defendants need further clarification, we will be happy to provide so during our January 2, 2013, telephone conference. Moreover, Plaintiff will provide clear images of the counterfeit OtterBox® iPhone® case sold by Defendants (OP 00037 and OP 00044).

<u>Defendants' Document Request No. 1:</u>
     Plaintiff believes its response to the above listed demand is compliant. The ownership interests in a limited liability company, including identification of officers, directors and individuals controlling and managing Plaintiff are outside the scope of this litigation and irrelevant to the issue at hand. For example, the names and identities of the officers of Plaintiff would not lead to the discovery of admissible evidence regarding the trademark infringement claims asserted in Plaintiff's Complaint and only serve to harass Plaintiff. Similarly, the information sought has no relevance to any of Defendants' affirmative defenses or evidence presently to date. As such, there is no basis for the disclosure of such information from a private company such as Plaintiff.

<u>Defendants' Document Request Nos. 2-5:</u>
     Plaintiff believes its response(s) to the above listed demands are compliant. Defendants cannot claim that Plaintiff's responses are insufficient merely because they are unhappy with the documents Plaintiff has in its possession and has provided. Plaintiff has provided all documents responsive to these Requests identifying the chain of custody for the counterfeit product purchased from Defendants, in its possession.

**Defendants' Document Request No. 6:**

Defendants' Document Request No. 6 asks for 1) all documents specifying the physical characteristics of each of Plaintiff's products bearing the Otter Marks; 2) all documents that refer or relate to instructions regarding the quality and/or physical properties of each product bearing the Otter Marks; and 3) documents sufficient to identify the name and address of manufacturers of Plaintiff's products bearing Otter Marks. Plaintiff stands by its objections.

Plaintiff is mindful that even with Defendants' revisions and clarifications, Otter Products' manufacturer information along with instructions and quality control measures given to its manufacturers, if any, are irrelevant to the matter here. Plaintiff's supply chain is not at issue. Defendants' supply chain is at issue, because it is Defendants' suppliers that sold the counterfeit products to Defendants, who in turn sold them to Plaintiff's investigator. Clearly, Defendants have already disclosed they purchased the purported OtterBox® branded merchandise from unauthorized suppliers and vendors. The allegedly counterfeit merchandise purchased by Defendants did not come from any of Plaintiff's authorized manufacturers. Thus, the only potential motive behind this request is to harass Plaintiff.

If, on the other hand, Defendants are looking for markers that Plaintiff used to ascertain the counterfeit nature of the product Defendants sold to Plaintiff's investigator, this information has been disclosed in the Declaration of John McKinney previously provided. To the extent that Defendants are seeking information that is considered proprietary and trade secret, Plaintiff will be willing to discuss this issue at our scheduled telephone conference.

**Defendants' Document Request No. 7:**

Plaintiff stands by its objections as raised in its response to Defendants' Document Request No. 7. Defendants are asking for the production of documents relating to any complaint, litigation, legal proceeding or letter expressing any concern of regarding the authenticity or quality of any product bearing the Otter Mark. Under the work product doctrine, any tangible material (or its intangible equivalent) collected or prepared in anticipation of litigation and/or by legal counsel or prepared by other persons under an attorney's discretion is not discoverable, and may be shielded from discovery unless the party seeking discovery can demonstrate that the sought facts can only be obtained through discovery and that those facts are indispensable for impeaching or substantiating a claim. Thus, clearly using your example, any letter written by or behalf of Plaintiff to an authorized manufacturer expressing concerns regarding the manufacture or production of any product in connection with litigation or legal proceedings clearly falls under the protections of the work product doctrine. Moreover, the attorney-client privilege is equally as applicable.

Furthermore, Defendants have neglected to attest to the relevance of the information requested. As you know this is a trademark infringement claim based upon Defendants' sales and distribution of counterfeit goods in the marketplace. Plaintiff's regulation of its authorized manufacturers has absolutely no bearing to how many counterfeit goods Defendants circulated and may even be continuing to circulate in the marketplace.

However, Plaintiff has taken Local Rule 26.2 into account and will comply by providing a privilege log where, and if, applicable.

### Defendants' Document Request No. 12:

Plaintiff has produced numerous pages from its website www.otterbox.com, indicating the retail value of the products it offers for sale, responsive to Defendants' demand. This information is equally available and accessible to Defendants, as it is to the general consumer public. Thus, Defendants request that Plaintiff regurgitate information that is readily available for anyone (even non-parties to this litigation) to obtain, will take Plaintiff countless hours to provide, and is clearly meant to burden and harass Plaintiff.

### Defendants' Document Request No. 16:

With respect to KDL Wireless, Plaintiff is not in possession of any documents. With respect to Elood Distributors, Plaintiff has provided the investigative report which is the only document in Plaintiff's possession.

### Defendants' Document Request No. 17:

Plaintiff believes the information requested by Defendants is overbroad, burdensome and oppressive and irrelevant. Plaintiff stands by its previously asserted objections. Defendants are requesting information and documents that have no bearing on this matter. For example, trademark clearance searches are unrelated to Defendants clear-cut infringement of Plaintiff's registered trademarks, and thus are unequivocally irrelevant to the issue here. Moreover, there is no dispute and Defendants have not contested the registrations of the trademarks at issue. Again, Defendants request seems to serve the sole purpose of harassing Plaintiff and increasing costs in this matter. However, if Defendants can provide authority as to how this information is relevant to the case at hand, please so provide for our consideration.

### Defendants' Document Request No. 18:

Plaintiff believes the information requested by Defendants is overbroad, burdensome and oppressive and irrelevant. Plaintiff stands by its previously asserted objections. Plaintiff's franchise and license agreements with third parties would not shed any light on Defendants' various violations and infringements as alleged in Plaintiff's Complaint. Defendants are clearly not licensees, and Defendants have identified two of its suppliers who are unauthorized and are also not licensees. For example, the names and identities of Plaintiff's licensees would not lead to the discovery of admissible evidence regarding the trademark infringement claims asserted in Plaintiff's Complaint and only serve to harass Plaintiff.

### Defendants' Document Request No. 19:

Plaintiff stands by its objections as asserted in its response to this Request. Such information is not relevant as to calculating recoverable damages related to Defendants' net profits and/or statutory damages under 15 U.S.C.A. §§ 1116 and 1117. However, we will further discuss with our client the election of remedies and supplement this response accordingly.

### Defendants' Document Request No. 26:

Again, Plaintiff believes the information requested by Defendants is overbroad, burdensome and oppressive and irrelevant. Plaintiff stands by its previously asserted objections. Firstly, Defendants have failed to indicate how copies of prior consent judgments by Plaintiff, if any, are applicable or relevant to Defendants' alleged infringement.

Moreover, it is difficult to believe that Defendants think they are entitled to e-mails and other communications related to consent judgments, which clearly fall under the attorney-client privilege and work product doctrine. Moreover, Defendants' requests are nothing short of harassing and are a means of making Plaintiff and its counsel work for countless hours to obtain readily available consent judgments which are public information, and are readily accessible through the "Public Access To Court Electronic Records" (PACER) database, for *any* jurisdiction.

While we can certainly appreciate zealous advocacy, your December 3rd letter seems more generated at harassing Plaintiff and unnecessarily increasing costs in this matter. However, in an effort to promote the meet and confer process and move discovery along, Plaintiff will be happy to discuss the aforementioned and any other pressing issues concerning Defendants during our scheduled telephone conference of Wednesday, January 2, 2013. Please feel free to call me for any inquiries prior to said date.

Respectfully,

JOHNSON & PHAM, LLP


Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Otter Products, LLC

# TIAJOLOFF & KELLY LLP

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: ekelly@tkiplaw.com

January 10, 2013

**Via Email and FedEx**
Christopher Pham, Esq.
Johnson & Pham, LLP
6355 Topanga Canyon Blvd.
Suite 326
Woodland Hills, California 91367

Re:   *Otter Products, LLC v. One Click Enterprise 1, Inc., et al.–*
      **Plaintiff's Response to Defendants Request for Documents;**
      <u>Your Letter of December 28, 2012</u>

Dear Chris:

This letter is written in response to your letter of December 28, 2012 regarding Plaintiff's responses to Defendants' Request for Documents.

**Defendants reiterate the following requests in its previous letter of December 3, 2012, which Plaintiff has failed to comply with pursuant to the *Federal Rules of Civil Procedure* ("FRCP"):**

o   Plaintiff must identify the Bates Numbers of the documents that are responsive to each of Defendants' Request for Documents. It has been over a month since Defendants requested this information, and Plaintiff has failed to comply with this requirement pursuant to *Rule 34* of the *FRCP*.

o   Plaintiff has failed to provide a privilege log pursuant to the Local Rules of the E.D.N.Y.

o   Plaintiff has objected to several requests based on the claim of privilege or trade secret, yet Plaintiff has failed to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" pursuant to *FRCP* Rule 26(b)5.

**The following documents disclosed by Plaintiff in response to Defendants' Request for Documents are illegible and a clear copy must be produced:**

- Bates Numbers OP 0007, OP 00017, OP 00018, OP 00030-OP00033, OP00073 are not legible.

- OP00036-OP00041 are also illegible and we assume the investigator did not provide Plaintiff with images of the alleged product purchased from Defendants that were completely illegible as that would defeat the purpose of taking the photo.

- Defendants also requested in its letter of December 3, 2012 that Plaintiff provide clear images of the product purchased from Defendants. Plaintiff has not provided any new images. Defendants request clear images of the product and packaging allegedly purchased from Defendants at various angles so that Defendants have clear images of each side of the product and packaging allegedly purchased from Defendants. (Defendant reserves its right to notice an inspection of the product purchased by Plaintiff's investigators.)

In addition, with respect to Bates No. OP 000763 it appears that either information is redacted or the quality of the print out is poor (i.e., document is a copy of a copy). Please confirm if any information has been redacted.

We address each outstanding document request below.

**Document Request No. 1**

Defendants are entitled to information regarding the identities of the officers controlling Plaintiff in order to make an informed decision as to persons to be deposed in the defense of this case.

**Document Requests No. 2**

We again request that Plaintiff confirm that they have provided all documents in Plaintiff's custody, possession and control that are responsive to this request and identify the respective Bates Numbers. As mentioned in our letter of December 3, Defendants' basis for assuming further documents exist stems solely from Defendants' reliance on Plaintiff's previous representations that Plaintiff had information in its possession evidencing the counterfeit nature of the product purchased from Defendants and that such documents were subject to a protective order. As you know, only limited information was disclosed, none of which were subject to a protective order.

The McKinney declaration asserted that the product sold by Defendants to Plaintiff's investigator is counterfeit because it had the wrong manufacturing number and wrong materials. All documents relating to this claim must be produced, including documents relating to Plaintiff's method and procedures for affixing manufacturing numbers. Additionally, you asserted in the telephone conference of January 3, 2013 with the Court that the counterfeit nature of Defendants' product can be discerned from observing the plastic cover at an angle. This is not mentioned in Mr. McKinney's

2

declaration. however, any documents related to this claim must be produced. If Plaintiff's representations were not accurate, Plaintiff must confirm that no other documents exist that are responsive to this request.

## Document Requests No. 3

Plaintiff objects based on a claim of privilege. Plaintiff conducted at least one confirmed investigation of Defendants, but has not provided any communication between the investigator and Plaintiff or any internal communication between employees or representatives of Plaintiff regarding the investigation – such information is not subject to attorney-client privilege. Accordingly, Plaintiff is to produce documents that are responsive or confirm that Plaintiff does not have any other documents responsive to this request. Any document not disclosed under a claim of privilege must be described and provided for in Plaintiff's privilege log.

## Document Requests Nos. 4 and 5

Plaintiff evades Defendants request to merely confirm that all documents have been produced by arguing that Defendants are just "unhappy" with the response. This lacks any modicum of rationale – to assume that Defendants would be "unhappy" that Plaintiff *lacks* evidence. Such an objection also ignores Defendants' good faith reliance on Plaintiff's representations that it did in fact have documents that were subject to a protective order evidencing the counterfeit nature of the product allegedly purchased from Defendants.

Plaintiff has represented in recent communication with Defendants' counsel that it has certain information on the counterfeit nature of the product allegedly purchased from Defendants that is trade secret and proprietary. As the Court has confirmed, a Protective Order remains in effect and Plaintiff is required to disclose any documents responsive to Defendants' requests. Otherwise, Defendants <u>again</u> request that Plaintiff confirm that they have provided all documents responsive to this request, and to identify the respective Bates Numbers. If Plaintiff has no further evidence of counterfeit and no documents responsive to this request, please so state.

## Document Requests Nos. 6, 7and 8

Plaintiff objects that the information requested in Document Request Nos. 6 and 7 are not relevant to the matter at hand, including Defendants' request for Plaintiff's quality control measures and the identity of Plaintiff's manufacturers. Quality control and the identify of Plaintiff's manufacturers are clearly relevant in a trademark infringement and/or counterfeit action.

It is well established in trademark law that quality control and protection measures are critical and necessary in any licensing agreement with a manufacturer to ensure compliance with the quality and standards set forth by a trademark owner. This is clearly relevant for establishing liability, which may occur at any part of the distribution or manufacturing chain. "When a trademark owner arranges to have its mark placed on a product manufactured by another company, the owner's rigorous quality control and

3

inspection procedure on receipt from the manufacturer is the basis of a material difference between products sold by the trademark owner and those offered by another company without the trademark owner's stamp of approval." *Iberia Foods Corp. v. Romeo*, 150 F.3d 298, 1998 U.S. App. LEXIS 17249, 47 U.S.P.Q.2d (BNA) 1604 (3d Cir. N.J. 1998). It is well established that a trademark owner has a duty to exercise a certain amount of control over the quality of the goods or services provided by its manufacturers and any other licensee. *See, Dawn Donut Co. v. Hart's Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959). It is disingenuous to assert that you do not understand the relevancy of quality control and protection measures as relevant to a trademark case, particularly this case.

Information regarding the exercise of quality control over the manufacture of authorized products and the identity of the manufacturers is critical to Defendants' ability to defend the case by potentially showing that: (1) the product alleged to be counterfeit could have been manufactured by an authorized manufacturer yet not manufactured to Plaintiff's expectations or specifications, or (2) that the allegedly counterfeit product was in fact manufactured by an authorized manufacturer. Similarly, Plaintiff is claiming that there is a physical difference between its authorized products and the allegedly counterfeit product. Therefore, Plaintiff must reveal information regarding the physical properties of its authorized products.

In sum, if Plaintiff did not: (1) require quality control in its licensing arrangements; (2) exercise quality control over its manufacturers, or (3) did not inform its authorized manufacturers as to the expected specifications and physical properties of the various Otterbox covers to be manufactured, please so confirm and we will proceed accordingly.

Your assumptions regarding the relevancy of quality control and protection measures are misguided and without any merit in trademark law. Your statement that Plaintiff already discovered that Defendants purchased from "unauthorized" suppliers and vendors does nothing to advance the discovery dispute. As we are confident you are aware, there are many scenarios in which a supplier may be in possession of an "authorized" product without having purchased such product from a dealer specifically "authorized" by Plaintiff.

Plaintiff also objects on the ground that documents related to any complaint, lawsuit, legal proceeding or notice expressing concern with respect to Plaintiff's manufacturers or distributors regarding the authenticity or quality of any product bearing the Otter Mark is subject to attorney client privilege. A complaint or notice of concern received by Plaintiff is not subject to attorney client privilege. A communication written by Plaintiff to any manufacturer or distributor expressing concern over the quality or nature of an Otter Product is not necessarily subject to attorney client privilege or prepared in contemplation of litigation. If, however, Plaintiff has made reasonable and diligent efforts to inquire on documents responsive to this request, and such documents are indeed privileged, then these documents must be described and identified in Plaintiff's privilege log.

**Document Request No. 9**

4

Plaintiff must produce all documents supporting the allegations of the identified paragraphs. Plaintiff's objection is not valid.

### Document Requests No. 13

Plaintiff objects to the request based on confidentiality and trade secret. Documents relating to profits are often disclosed by both parties in trademark cases as Plaintiff is well aware based on their request that Defendants disclose such information. If Plaintiff intends to claim damages based on Plaintiff's profits, then such information is relevant and must be disclosed. Any document that is responsive to this request, which Plaintiff claims is confidential or trade secret, must be described and identified in Plaintiff's privilege log.

### Document Requests No. 14

Plaintiff has not produced documents responsive to this request despite representation that such documents would be forthcoming. If Plaintiff believes certain documents that were disclosed are responsive, Plaintiff must provide the Bates Numbers.

### Document Requests No. 15

Plaintiff has not produced documents responsive to this request despite representation that such documents would be forthcoming. If Plaintiff believes certain documents that were disclosed are responsive, Plaintiff must provide the Bates Numbers.

### Document Requests No. 18

Plaintiff claims that license agreements would not shed light on this case and that "Defendants are clearly not licensees." This objection has no foundation in that it is critical to understand the various authorized users of the Otter Marks and the potential parties that may be responsible for the entry of the allegedly infringing product into the market.   See also, Defendants response above to Document Requests No. 6 and 7. Accordingly, Plaintiff must provide documents responsive to this request.

### Document Requests No. 19

If Plaintiff intends to base damages based on Plaintiff's profits and sales, then such information is relevant and must be disclosed.

### Document Requests No. 20

Plaintiff has not produced documents responsive to this request despite Plaintiff's representation that such documents would be forthcoming. Any documents that Plaintiff believes are responsive to this request must be identified by Bates Numbers.

### Document Requests No. 25

An objection based on a request for a "compilation" is not applicable to this request. Plaintiff objection to this request because it requires a "compilation" is without merit or a modicum of rationale. Document requests generally require the gathering of documents, which is clearly contemplated and permitted under *Rule 34* of *FRCP*. If Plaintiff does not wish to "organize" the documents, this does not relinquish the duty to disclose all the responsive documents. Any documents that are not disclosed because they are confidential or privileged must be described and identified in Plaintiff's privilege log.

Plaintiff has not produced documents responsive to this request despite Plaintiff's representation that such documents would be forthcoming. Any documents that Plaintiff believes are responsive to this request must be identified by Bates Numbers.

### Document Requests No. 26

Plaintiff claims such information is equally accessible to Defendants is inaccurate as 1) not all consent judgments are available online, and 2) Plaintiff has personal knowledge of which lawsuits resulted in consent judgments while Defendants would be operating blindly to cull through the cases. Accordingly, Plaintiff must provide all documents responsive to this request because Defendants are entitled to any information regarding occasions on which third parties have acknowledged Plaintiff's rights as well as all documents consisting of communications relating to such consent judgments.

### Document Requests No. 27

Plaintiff's "objection" that the request is compound is not a valid objection when the request simply asks for documents to support allegations of the complaint. To clarify, Defendant requests:

1) All documents referring or relating to the allegation of Paragraph 29 in Plaintiff's Complaint.

2) All documents referring or relating to the allegation of Paragraph 31 in Plaintiff's Complaint.

3) All documents referring or relating to the allegation of Paragraph 38 in Plaintiff's Complaint.

4) All documents referring or relating to the allegation of Paragraph 50 in Plaintiff's Complaint.

5) All documents referring or relating to the allegation that Defendants' conduct was willful and that Defendants encouraged others to import counterfeit goods.

### Document Requests No. 28

6

This request simply requires Plaintiff to produce all documents it will use at trial. It does not call for any anthologies or compilation. Any documents that are not disclosed because they are confidential or privileged must be described and identified in Plaintiff's privilege log.

Finally, Plaintiff is reminded of its obligation under Rule 45 to timely provide all documents received pursuant to any subpoenas served on third parties.

We will send you our follow up letter in connection with Plaintiff's response to interrogatories.

Regards,

*Edward Kelly*

Edward P. Kelly, Esq.
Merry Biggerstaff, Esq.
*Attorneys for Defendants*
*One Click Enterprises 1, Inc.*
*and Igor Zomin*

Cc: Ani Garibyan, Esq.

7

# TIAJOLOFF & KELLY LLP

CHRYSLER BUILDING, 37TH FLOOR
405 LEXINGTON AVENUE
NEW YORK, NEW YORK 10174

TEL. NO. 212-490-3285
FAX NO. 212-490-3295
E-MAIL: ekelly@tkiplaw.com

January 15, 2013

**Via Email (agaribyan@JohnsonPham.com)**
**Conf. by Mail**
Ani Garibyan, Esq.
Johnson & Pham, LLP
6355 Topanga Canyon Blvd.
Suite 326
Woodland Hills, California 91367

Re: Otter Products LLC v. One Click Enterprises 1, Inc. (E.D.N.Y.)

Dear Ani:

We write in response to Plaintiff's responses to Defendants' First Set of Interrogatories ("Interrogatories") served upon Defendants on November 6, 2012. Briefly stated, Plaintiff's responses are incomplete and fail to disclose information highly relevant to this action on the basis of objections that lack merit.

As an initial matter, many of Plaintiff's objections are boilerplate and are often not applicable to the information requested. Plaintiff loosely provides in each response that the information requested "is" subject to attorney-client privilege when it is clear that this umbrella objection does not apply to all information requested in that the requests seeks information not prepared in anticipation of litigation.

**Interrogatory No. 1**

Plaintiff states that it may not understand this interrogatory. Interrogatory No. 1 is clear in that it requests Plaintiff to provide: 1) the name, and 2) the address of the person/representative that is providing any answer, whether in whole or in part, to the Interrogatories. If applicable, state the relation between the person responding to the request and Plaintiff Otter Products LLC.

Plaintiff has failed to provide the name of the person(s) from Otter Products who is providing the responses to the Interrogatories when the request specifically requests this information. Accordingly, Plaintiff is to provide information responsive to this request.

To the extent that Plaintiff finds any ambiguity in the request, Plaintiff is to describe which part of the request lacks clarity.

**Interrogatory No. 2**

Plaintiff has not fully responded to Interrogatory No. 2, including *inter alia* identifying each person(s) who has 1) knowledge of any investigation of Defendants; 2) knowledge of any alleged illegal activity conducted by Defendants; and 3) knowledge of any claims of illegal activities related to Elood or KDL Wireless or any other distributor from whom Defendants' purchased products bearing the Otter Marks. Plaintiff merely lists John McKinney as the *sole* person who has knowledge of the claims alleged in Plaintiff's Complaint. If no other person at this time has any personal knowledge of the claims alleged in Plaintiff's Complaint, then Plaintiff must confirm.

**Interrogatory No. 4**

Plaintiff has not identified any person(s) at Otter Products who may be called as a witness at the trial of this case. Defendants understand that discovery is ongoing, but this does not preclude Plaintiff from disclosing the names of non-expert witnesses if Plaintiff is currently aware of such witnesses.

**Interrogatory No. 8 and 9**

Plaintiff has disclosed documents that show Plaintiff was aware of CBP seizures regarding Elood prior to the initiation of this action. Further, Plaintiff's counsel has represented to Defendants' counsel that Plaintiff was aware of Elood's alleged sales of counterfeit goods bearing Plaintiff's Otter Marks prior to the initiation of this action. Despite the foregoing, Plaintiff's response to Interrogatory No. 8 states Plaintiff first became aware of Elood's sales of allegedly counterfeit products in September of 2012 when Defendants provided an accounting of its purchases of Otter Box branded products from Elood. This is well after the CBP seizures and contrary to your prior representations. Plaintiff's response provides no information on when, who, and how Plaintiff first learned that Elood was selling goods that allegedly infringe Plaintiff's Otter Marks. Plaintiff is also requested to clarify and provide information on when it first learned that KDL Wireless was selling goods that allegedly infringe Plaintiff's Otter Marks.

**Interrogatory No. 10**

Plaintiff's objections are without any merit. The request is not broad, but specifically requests that Plaintiff identify the manufacturers that produce the products bearing the Otter Marks, including the manufacturer that produces the iPhone Cases that bear the Otter Marks. It is inconceivable that Plaintiff does not have a list of their manufacturers. In any event, a mere list of manufacturers, is far from a burdensome or oppressive request -- unfortunately, this appears to be another attempt by Plaintiff to evade disclosure.

Plaintiff further objects that the information requested is confidential and trade secret. You will have to explain to the Court how the identity of Plaintiff's manufacturers is confidential and trade secret as this is another meritless objection.

Plaintiff further objects that the information requested in this Interrogatory No. 10

is not relevant to the matter at hand. A trademark owner's manufacturers and the quality control measures that they implement are clearly relevant in a trademark infringement and/or counterfeit action.

It is well established in trademark law that quality control and protection measures implemented by a trademark owner and their respective manufacturers are critical and necessary in any licensing agreement with a manufacturer to ensure compliance with the quality and standards set forth by a trademark owner. This is clearly relevant for establishing liability, which may occur at any part of the distribution or manufacturing chain.

Information regarding the exercise of quality control over the manufacture of authorized products and the identity of the manufacturers is critical to Defendants' ability to defend the case by potentially showing that: (1) the product alleged to be counterfeit could have been manufactured by an authorized manufacturer yet not manufactured to Plaintiff's expectations or specifications, or (2) that the allegedly counterfeit product was in fact manufactured by an authorized manufacturer.

Your assumptions regarding the relevancy of the identify of Plaintiff's manufacturers are misguided and without any merit in trademark law. Accordingly, Plaintiff is required to disclose its manufacturers and withdraw its objections.

**Interrogatory Nos. 12 and 13**

Plaintiff states that "not authorized" is ambiguous. Interrogatory No. 12 is clear and thus, not subject to any other interpretation other than the plain meaning of the request. Interrogatory No. 12 requests information on each person or company that has sold Otter Products, which Otter has not authorized. The definition of authorization is "permission or power." Plaintiff further objects that this interrogatory is overbroad in scope of time– accordingly, Plaintiff requests information that is responsive to this request obtained in the past three years from January 1, 2010- January 1, 2013, which is an overly reasonable amount of time.

Plaintiff further uses its same boilerplate objection that "discovery is ongoing and continuous." Plaintiff must be aware that this does not preclude or insulate Plaintiff from disclosing information that is currently known and relevant to this request.

In order to move this process forward efficiently, Defendants' counsel trust that Plaintiff's counsel will refrain from further disingenuous responses or objections.

**Interrogatory No. 14**

Plaintiff's objections to Interrogatory No. 14 lack any merit.  Otterbox is alleging that there is a physical difference between its authorized products and the allegedly

3

counterfeit product sold by Defendants to Plaintiff's investigator – as to be expected, Defendants are requesting information that forms the basis for Plaintiff's allegation.

Plaintiff again uses its same boilerplate objection that "discovery is ongoing and continuous." This does not preclude or insulate Plaintiff from disclosing information that is currently known and relevant to this request.

Plaintiff further objects that this is overbroad in the scope of time – which is completely nonsensical with respect to this request. Again, Defendants would appreciate if Plaintiff would not loosely throw out meritless objections to evade disclosure.

Plaintiff further objects that it does not understand the term "structural and physical characteristics" despite the clear language. To clarify, Plaintiff has identified products in Paragraph 14 of the Complaint – Defendants request that Plaintiff identify the features or physical characteristics of the products identified in Paragraph 14 of the Complaint (e.g., the phone case is made of polycarbonate plastic, the case is made of fiber glass and plastic, the case is made of textured TPU material, the measurements are 3" x 9" x 1", etc.). Clearly, Otterbox must specify to its manufacturers the structural and physical characteristics of its products identified in Paragraph 14 of the Complaint in order to ensure quality control of its products – otherwise its manufacturers would be operating blindly. If that is the case, please confirm that your client has no knowledge what materials are used in manufacturing the Otter Products identified in Paragraph 14 of the Complaint.

### Interrogatory No. 15

Your response is not responsive to this interrogatory. Defendants' request that Plaintiff specify each product that Plaintiff claims Defendants advertised, marketed, distributed, offered for sale and sold without authority as set forth in Paragraph 25 of the Complaint and the basis for such claims. Your response does not list any specific products other than the allegedly counterfeit product purchased by Plaintiff's investigator.

Moreover, Plaintiff's objections to Interrogatory No. 15. are completely without merit. Plaintiff objects that this request is overbroad, burdensome, irrelevant and not likely to lead to the discovery of admissible evidence. We are not sure what could be more relevant than information on the allegedly counterfeit products that Plaintiff claims were sold by Defendants in its Complaint. That Plaintiff claims such information is "irrelevant" and "not likely to lead to the discovery of admissible evidence" just reinforces Plaintiff's attempts to evade disclosure as this wholly lacks rationale.

### Interrogatory No. 19

This interrogatory does not call for expert testimony. If such security measures are confidential and proprietary, then Plaintiff may file its answer under the designations set forth in the Protective Order. Plaintiff is required to provide this information.

4

We look forward to your response and to receiving supplemental responses to the foregoing.

Regards,

*Edward P. Kelly*

Edward P. Kelly

Cc:   Merry Biggerstaff, Esq.
      Chris Pham, Esq.

# JOHNSON & PHAM, LLP

January 18, 2013

_**Via E-mail (ekelly@tkiplaw.com) and First Class U.S. Mail**_
Edward P. Kelly, Esq.
Tiajaloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, NY 10174

> _Re:_   _**Otter Products, LLC v. One Click Enterprises 1, Inc., et al.**_
> 1:12-CV-05734-RJD-VMS

Dear Mr. Kelly:

This letter is written in response to your letter, dated January 10, 2013, regarding Plaintiff's responses to Defendants' Request for Documents. We will address your concerns in the same turn.

Plaintiff identifies the following Bates Numbers as responsive to each respective Request:

- Request No. 2:    Bates OP001- OP00035; OP00071-OP000121
- Request No. 3:    Bates OP001-OP000121
- Request No. 4:    OP00071-OP00073
- Request No. 5:    OP0001-OP0002; OP0007; OP00017-OP00018; OP00035
- Request No. 9:    OP00067-OP00070
- Request No. 12:   OP00051-OP00066
- Request No. 14:   OP0001-OP000127
- Request No. 16:   OP00074-OP000127
- Request No. 20:   OP0001-OP00035
- Request No. 25:   OP0001-OP00035

As requested, attached please find clear images of the following Bates Numbers: OP0007, OP00017, OP00018, OP00030-OP00033; and OP00073 as Exhibit "A." Also, please see photographs of the product sold by Defendants to Plaintiff's investigator as Exhibit "B."

Plaintiff will address each of Defendants' concerns regarding its document requests below.

Request No. 1:
Plaintiff finds no basis for the disclosure of such information from a private company such as Otter Products, LLC. Plaintiff is named in its corporate capacity in this action.

If Defendants need to make an informed decision as to persons to be deposed in the defense of this case, Plaintiff suggests that Defendants notice a deposition pursuant to *Federal Rules of Civil Procedure* 30(b)(6) to Plaintiff. At that juncture, the named organization, in this case Plaintiff, as prescribed by the *Federal Rules of Civil Procedure* will designate one or more officers, directors, managing agents or other persons to testify on its behalf.

<u>Request No. 2:</u>
Plaintiff agrees to supplement its response to this Request by providing a supplemental Declaration from Plaintiff's Brand Protection Manager, subject to the Protective Order currently in place.

<u>Request No. 3:</u>
Plaintiff has provided all documents in its possession responsive to this Request. Please refer to Bates Numbers above.

<u>Request No. 4 and 5:</u>
Plaintiff agrees to supplement its responses to these Requests by providing a supplemental Declaration from Plaintiff's Brand Protection Manager, subject to the Protective Order currently in place.

<u>Requests No. 6-8:</u>
Plaintiff agrees to supplement its response to this Request to the extent that it provides information related to Plaintiff's policies and procedures regarding brand protection and quality control, subject to the Protective Order currently in place.

Plaintiff stands by its objections that it will not produce any licensing agreements, as those agreements, if any, would revolve around price point and product distribution - not quality control or brand protection and are thus irrelevant to the issue at hand. Further, Plaintiff will not produce product specification as this is a matter regarding Trademark Infringement and not a patent or copyright design matter. Moreover, this action is also not one involving "grey market" goods, and thus Defendants are not entitled to information (including identification and addresses) of Plaintiff's manufacturers.

Plaintiff has previously provided Defendants with a list of its authorized distributors (in response to Defendants' Interrogatories). All of Plaintiff's authorized distributors, which are also listed on Plaintiff's website for the public are independent companies. Thus, Plaintiff does not exercise any control over these independent companies and does not have any independent knowledge of any complaints, lawsuits or legal proceedings concerning these third parties.

Lastly, Plaintiff reiterates that any agreements between Plaintiff and its manufacturers have no bearing on the trademark infringement at issue in this case.

<u>Request No. 9:</u>
Plaintiff has provided all documents in its possession responsive to this Request. Please refer to Bates Numbers above.

Ed Kelly, Esq.
Re: Otter Products, LLC v. One Click Enterprises 1, Inc., et al.
January 18, 2013
Page 3 of 3

Request No. 13:
   In trademark infringement cases there are different ways of measuring monetary recovery. Plaintiff will waive its rights to an award against Defendants measured by Plaintiff's own loss of profits caused by Defendants' alleged infringement. Thus, information relating to Plaintiff's profits/or sales is irrelevant and will not be disclosed.

Request No. 14 and 15:
   See Request No. 13 above.

Request No. 18:
   Plaintiff agrees to supplement its responses to this Request, to the best of its ability, and to the extent any documents exist, subject to the Protective Order currently in place.

Request No. 19:
   See Request No. 13 above.

Requests No. 20 and 25:
   Plaintiff has provided all documents in its possession responsive to this Request. Please refer to Bates Numbers above.

Request No. 26:
   Plaintiff agrees to supplement its response to this Request, to the best of its ability, and to the extent any documents exist, subject to the Protective Order currently in place.

Request No. 27:
   Plaintiff agrees to supplement its response to this Request, to the best of its ability, and to the extent any documents exist, subject to the Protective Order currently in place.

Request No. 28:
   Defendants' request for "all documents" Plaintiff will use at trial is vague and ambiguous.

   In an effort to promote the meet and confer process and move discovery along, Plaintiff will be happy to discuss the aforementioned and any other pressing issues concerning Defendants in a telephone conference, at Defense counsel's convenience. Please feel free to call me to schedule a mutually convenient date and time. Please be further advised that Plaintiff's supplemental responses will be forthcoming.

Respectfully,

JOHNSON & PHAM, LLP

Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Otter Products, LLC



# JOHNSON & PHAM, LLP

January 23, 2013

***Via E-mail (ekelly@tkiplaw.com) and First Class U.S. Mail***
Edward P. Kelly, Esq.
Tiajaloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, NY 10174

     **Re:**   ***Otter Products, LLC v. One Click Enterprises 1, Inc., et al.***
                    1:12-CV-05734-RJD-VMS

Dear Mr. Kelly:

This letter is written in response to your letter, dated January 15, 2013, regarding Plaintiff's responses to Defendants' First Set of Interrogatories served upon Defendants on November 6, 2012. We will address your concerns in the same turn.

Interrogatory No. 1:

Plaintiff provides a supplemental response to this Interrogatory as follows: John McKinney, Brand Protection Manager at Otter Products, LLC – to be contacted through counsel, Johnson & Pham, LLP, 6355 Topanga Canyon Boulevard, Suite 326, Woodland Hills, California 91367.

Interrogatory No. 2:

Plaintiff provided a complete response to this Interrogatory. Plaintiff will reiterate that John McKinney, in his role and capacity as Brand Protection Manager for Plaintiff is versed in the specific marks that designate and determine the authenticity of Plaintiff's products and thus has knowledge of the claims alleged in Plaintiff's Complaint.

Interrogatory No. 4:

Plaintiff has provided a complete response to this Interrogatory. Plaintiff finds no basis for the disclosure of such information from a private company such as Otter Products, LLC. Plaintiff is named in its corporate capacity in this action. Therefore, if Defendants are seeking person(s) at Otter Products who may be called as a witness at the trial of this in order to make an informed decision as to persons to be deposed in the defense of this case, Plaintiff suggests that Defendants notice a deposition pursuant to *Federal Rules of Civil Procedure* 30(b)(6) to Plaintiff.

At that juncture, the named organization, in this case Plaintiff, as prescribed by the *Federal Rules of Civil Procedure* will designate one or more officers, directors, managing agents or other persons to testify on its behalf.

Interrogatory No. 8 and 9:

Plaintiff will supplement its response as follows. Plaintiff learned of Elood's sales to Defendants on or about September 2012 as Defendants provided information relating to their purchases of purported OtterBox® products from Elood on that date. However, as previously disclosed in an independent investigative report conducted by Plaintiff, on March 16, 2012, John McKinney at Otter Products initiated an investigation into a series of seven CBP seizures related to shipments of counterfeit OtterBox® products which had occurred in early February 2012 and were related to Elood Distribution. Inc.

Furthermore, as Plaintiff has already disclosed, it learned of KDL Wireless, Inc.'s sales of infringing goods on or about September 2012, when Defendants provided information and invoices indicating same.

Interrogatory No. 10:

Plaintiff stands by its objections that it will not produce its manufacturer information. The products in question sold by Defendants were determined to be counterfeit goods, and not competing authentic goods illegally imported or obtained from abroad. Grey market goods refer to trading of goods through distribution channels which are unofficial, unauthorized, or unintended by an original manufacturer. In the matter at hand, the counterfeit goods sold by Defendants are copies or imitations of an authentic product that is intended to be taken as authentic and genuine in order to deceive another. Thus Defendants are not entitled to information (including identification and addresses) of Plaintiff's manufacturers, because this information is irrelevant in this matter as the product sold by Defendants is determined to be counterfeit.

Interrogatory No. 12 and 13:

Plaintiff objects to these Interrogatories as they are burdensome, harassing and oppressive and further impede on the third party privacy rights of persons and/or companies Defendants wish for Plaintiff to identify. It is virtually impossible for Plaintiff to identify each person and/or company that has sold, offered for sale, distributed products bearing the Otter Marks which Otter has not authorized. These interrogatories serve no purpose besides harassing Plaintiff. To the extent that any proceedings are public knowledge, Defendants have the independent ability to search for and access such information.

Interrogatory No. 14:

Plaintiff will not produce product specifications given to its manufacturers, as this is a matter regarding Trademark Infringement and not a patent or copyright design matter. Thus Defendants are not entitled to this information as it is not relevant to the case at hand.

Ed Kelly, Esq.
Re: Otter Products, LLC v. One Click Enterprises 1, Inc., et al.
January 23, 2013
Page 3 of 3

<u>Interrogatory No. 15:</u>

Plaintiff agrees to supplement its response to this Interrogatory by providing a supplemental Declaration from Plaintiff's Brand Protection Manager, subject to the Protective Order currently in place.

<u>Interrogatory No. 19:</u>

Plaintiff agrees to supplement its response to this Interrogatory by providing a supplemental Declaration from Plaintiff's Brand Protection Manager, subject to the Protective Order currently in place.

Again, your January 15th letter seems more generated at harassing Plaintiff and unnecessarily increasing costs in this matter. However, Plaintiff will be happy to discuss the aforementioned at your convenience. We are available the remainder of this entire week to confer. Please feel free to call me for any inquiries or to set up a time to speak.

Respectfully,

JOHNSON & PHAM, LLP


Christopher Q. Pham, Esq.
Ani S. Garibyan, Esq.
Attorneys for Otter Products, LLC

# JOHNSON & PHAM, LLP

March 7, 2013

***Via E-mail (ekelly@tkiplaw.com) & First Class U.S. Mail***
Edward P. Kelly, Esq.
Tiajaloff & Kelly LLP
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, NY 10174


      ***Re:***    ***Otter Products, LLC v. One Click Enterprises 1, Inc., et al.***
               **1:12-CV-05734-RJD-VMS**


Dear Mr. Kelly:

      This letter is written as a follow up to our meet and confer telephone conference of January 28, 2013 and in response to your letter dated March 1, 2013. Attached please find Document Bates OP000358-OP000365. The attached documents shall serve as a supplemental response to Defendants' Document Requests No. 6 and Interrogatory No. 14.

      Moreover, Plaintiff's responses to Defendants' Interrogatory No. 19 are contained in Bates OP000353-OP000357, the Supplemental Declaration of John McKinney, previously produced on February 4, 2013. Plaintiff stands by its objections to Defendants' Requests Nos. 7 and 8, along with Defendants' Interrogatory No. 10.

      Feel free to call me with any further inquiries. I am available to meet and confer in relation to any of the aforementioned issues.

Respectfully,

JOHNSON & PHAM, LLP

Ani S. Garibyan, Esq.
Christopher Q. Pham, Esq.
Attorneys for Otter Products, LLC

*Enclosure*

---

US00D641013S

US D641,013 S

| (12) **United States Design Patent** | (10) Patent No.: | **US D641,013 S** |
|---|---|---|
| Richardson et al. | (45) Date of Patent: ** | **Jul. 5, 2011** |

(54) **CASE**

(75) Inventors: Curtis Richardson, Fort Collins, CO (US); Jamie Johnson, Fort Collins, CO (US); Alan Morine, Fort Collins, CO (US); Stephen Willes, Fort Collins, CO (US); Travis Smith, Fort Collins, CO (US)

(73) Assignee: **Otter Products, LLC**, Fort Collins, CO (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/363,725**

(22) Filed: **Jun. 14, 2010**

(51) LOC (9) Cl. ...................................... **14-03**

(52) U.S. Cl. ...................................... **D14/250**

(58) Field of Classification Search ............... D14/250, D14/440, 203.7, 217, 496; D3/201, 218, D3/269, 301, 273; D13/103; 220/4.02; 224/191, 224/240, 241, 245, 682–683; 248/309.1; 361/679.56; 379/426, 433.11, 455; 455/575.1, 455/575.8; 190/100; 206/305, 320
See application file for complete search history.

(56) **References Cited**

**U.S. PATENT DOCUMENTS**

| | | |
|---|---|---|
| 4,762,227 A | 8/1988 | Patterson |
| D312,534 S | 12/1990 | Nelson et al. |
| 5,092,459 A | 3/1992 | Uijanic et al. |
| D325,471 S | 4/1992 | McCain et al. |
| 5,175,873 A | 12/1992 | Goldenburg et al. |
| D337,435 S | 7/1993 | Kaneko et al. |
| D362,542 S | 9/1995 | Richards et al. |
| D365,927 S | 1/1996 | Cho |
| D366,957 S | 2/1996 | Scheid et al. |
| D378,020 S | 2/1997 | Hatt |
| D397,246 S | 8/1998 | Hoofnagle et al. |
| D419,297 S | 1/2000 | Richardson et al. |
| D419,767 S | 2/2000 | Richardson et al. |
| D419,768 S | 2/2000 | Richardson et al. |
| 6,049,813 A | 4/2000 | Danielson et al. |
| 6,239,968 B1 | 5/2001 | Kim et al. |
| D443,133 S | 6/2001 | Richardson et al. |
| 6,317,313 B1 | 11/2001 | Mosgrove et al. |
| 6,388,877 B1 | 5/2002 | Canova, Jr. et al. |
| D459,346 S | 6/2002 | Powell |
| 6,415,138 B2 | 7/2002 | Sirola et al. |
| 6,445,577 B1 | 9/2002 | Madsen et al. |
| 6,456,487 B1 | 9/2002 | Hetterick |
| 6,471,056 B1 | 10/2002 | Tyeng et al. |
| 6,519,141 B2 | 2/2003 | Tseng et al. |
| 6,536,589 B2 | 3/2003 | Chang |

(Continued)

**OTHER PUBLICATIONS**

OtterBox Defender Series Case for Apple iPhone 4, <URL:http://demandware.edgesuite.net/aaez_pnl/on/demandware.static/Sites-otterbox_us-Site/Sites-masterCatalog_OtterBox/default/v1298368934261/pdfs/apl2-i4!-xx-info-new.pdf>, retrieved from internet Feb. 22, 2010.*

(Continued)

*Primary Examiner* — Rob Spear
*Assistant Examiner* — Carla Jobe Wright

(57) **CLAIM**

The ornamental design for a case, as shown and described.

**DESCRIPTION**

FIG. 1 is a front isometric view of a case showing our new design;
FIG. 2 is a rear isometric view thereof;
FIG. 3 is a front view thereof;
FIG. 4 is a rear view thereof;
FIG. 5 is a left view thereof;
FIG. 6 is a right view thereof;
FIG. 7 is a top view thereof; and,
FIG. 8 is a bottom view thereof.

The broken line that defines the large unshaded rectangular region on the front of the case represents a boundary of the claimed design. The broken lines immediately adjacent the claimed surfaces also represent boundaries of the claimed design. The broken lines and unshaded surfaces bounded by broken lines form no part of the claimed design.

**1 Claim, 6 Drawing Sheets**




OP000358

**US D641,013 S**
Page 2

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D472,384 | S | 4/2003 | Richardson |
| D484,874 | S | 1/2004 | Chang et al. |
| D499,091 | S | 11/2004 | Taylor |
| D513,123 | S | 12/2005 | Richardson et al. |
| D513,451 | S | 1/2006 | Richardson et al. |
| D514,808 | S | 2/2006 | Morine et al. |
| 6,995,976 | B2 | 2/2006 | Richardson et al. |
| D516,309 | S | 3/2006 | Richardson et al. |
| D516,553 | S | 3/2006 | Richardson et al. |
| D516,554 | S | 3/2006 | Richardson et al. |
| D516,807 | S | 3/2006 | Richardson et al. |
| D517,037 | S | 3/2006 | Corley et al. |
| D521,993 | S | 5/2006 | Pletikosa et al. |
| D522,485 | S | 6/2006 | Griffin |
| D526,780 | S | 8/2006 | Richardson et al. |
| D530,079 | S | 10/2006 | Richardson et al. |
| D531,628 | S | 11/2006 | Pletikosa et al. |
| 7,158,376 | B2 | 1/2007 | Richardson et al. |
| 7,180,735 | B2 | 2/2007 | Richardson et al. |
| D542,524 | S | 5/2007 | Richardson et al. |
| 7,230,823 | B2 | 6/2007 | Richardson et al. |
| 7,255,228 | B2 | 8/2007 | Kim |
| D553,852 | S | 10/2007 | Brandenburg |
| D554,502 | S | 11/2007 | Hoffman et al. .............. D9/432 |
| D556,448 | S | 12/2007 | Brandenburg |
| D556,681 | S | 12/2007 | Kim |
| D557,205 | S | 12/2007 | Kim |
| D557,264 | S | 12/2007 | Richardson et al. |
| D557,897 | S | 12/2007 | Richardson et al. |
| D561,764 | S | 2/2008 | Griffin et al. |
| D563,093 | S | 3/2008 | Nussberger |
| D565,291 | S | 4/2008 | Brandenburg |
| D566,962 | S | 4/2008 | Griffin et al. |
| D570,593 | S | 6/2008 | Justiss |
| D570,839 | S | 6/2008 | Hofer et al. |
| D574,819 | S | 8/2008 | Andre et al. |
| D574,821 | S | 8/2008 | Griffin et al. |
| D575,056 | S | 8/2008 | Tan |
| D577,014 | S | 9/2008 | Griffin et al. |
| D577,015 | S | 9/2008 | Griffin et al. |
| D581,151 | S | 11/2008 | Aipa |
| D581,155 | S | 11/2008 | Richardson et al. |
| D581,421 | S | 11/2008 | Richardson et al. |
| D582,149 | S | 12/2008 | Tan |
| D583,811 | S | 12/2008 | Griffin et al. |
| D587,008 | S | 2/2009 | Griffin et al. |
| D589,016 | S | 3/2009 | Richardson et al. |
| D592,626 | S | 5/2009 | Griffin et al. |
| D593,319 | S | 6/2009 | Richardson et al. |
| D593,551 | S | 6/2009 | Ferrari et al. |
| D593,552 | S | 6/2009 | Ferrari et al. |
| D593,556 | S | 6/2009 | Hofer et al. |
| D593,557 | S | 6/2009 | Hofer et al. |
| D593,746 | S | 6/2009 | Richardson et al. |
| D593,750 | S | 6/2009 | Song |

| | | | | |
|---|---|---|---|---|
| D597,089 | S | | 7/2009 | Khan et al. |
| D597,301 | S | | 8/2009 | Richardson et al. |
| D600,908 | S | | 9/2009 | Richardson et al. |
| D603,389 | S | | 11/2009 | Khan |
| D603,602 | S | | 11/2009 | Richardson et al. |
| D603,603 | S | | 11/2009 | Laine |
| 7,612,997 | B1 | | 11/2009 | Diebel et al. |
| D605,850 | S | | 12/2009 | Richardson et al. |
| D606,528 | S | | 12/2009 | Khan et al. |
| D606,529 | S | | 12/2009 | Ferrari et al. |
| D609,228 | S | | 2/2010 | Ferrari et al. |
| D609,463 | S | | 2/2010 | Bullen |
| D609,464 | S | | 2/2010 | Bullen |
| D609,900 | S | | 2/2010 | Behar et al. |
| D610,807 | S | | 3/2010 | Bau |
| D613,282 | S | | 4/2010 | Richardson et al. |
| D615,077 | S | * | 5/2010 | Richardson et al. ......... D14/250 |
| D615,078 | S | | 5/2010 | Bradley |
| D615,535 | S | * | 5/2010 | Richardson et al. ......... D14/250 |
| D615,967 | S | * | 5/2010 | Richardson et al. ......... D14/250 |
| D616,361 | S | | 5/2010 | Huang |
| D617,784 | S | * | 6/2010 | Richardson et al. ......... D14/250 |
| D617,785 | S | * | 6/2010 | Richardson et al. ......... D14/250 |
| D617,786 | S | * | 6/2010 | Richardson et al. ......... D14/250 |
| D618,230 | S | | 6/2010 | Brown et al. |
| D619,130 | S | * | 7/2010 | Fellig ..................... D14/250 |
| D619,361 | S | | 7/2010 | Andre et al. |
| D620,487 | S | * | 7/2010 | Richardson et al. ......... D14/250 |
| D621,394 | S | * | 8/2010 | Richardson et al. ......... D14/250 |
| D621,821 | S | * | 8/2010 | Richardson et al. ......... D14/250 |
| D623,172 | S | * | 8/2010 | Richardson et al. ......... D14/250 |
| D623,179 | S | * | 9/2010 | Richardson et al. ......... D14/250 |
| D623,180 | S | * | 9/2010 | Diebel ..................... D14/250 |
| D624,533 | S | * | 9/2010 | Richardson et al. ......... D14/250 |
| D626,119 | S | * | 10/2010 | Fellig ..................... D14/250 |
| D626,120 | S | * | 10/2010 | Richardson et al. ......... D14/250 |
| D628,568 | S | * | 12/2010 | Richardson et al. ......... D14/250 |
| D632,683 | S | * | 2/2011 | Richardson et al. ......... D14/250 |
| D632,684 | S | * | 2/2011 | Richardson et al. ......... D14/250 |
| D632,685 | S | * | 2/2011 | Richardson et al. ......... D14/250 |
| 2009/0036175 | A1 | * | 2/2009 | Brandenburg et al. ... 455/575.1 |
| 2009/0114556 | A1 | | 5/2009 | Tai et al. |
| 2009/0181729 | A1 | | 7/2009 | Griffin et al. |
| 2009/0257189 | A1 | * | 10/2009 | Wang et al. ......... 361/679.56 |
| 2010/0104814 | A1 | * | 4/2010 | Richardson et al. ..... 428/156 |
| 2010/0203931 | A1 | | 8/2010 | Hynecek et al. |

OTHER PUBLICATIONS

OtterBox Commuter Series Case for Apple iPhone 4, <URL:http:// demandware.edgesuite.net/aaez_prd/on/demandware.static/Sites-otterbox_us-Site/Sites-masterCatalog_OtterBox/default/ v1298368934261/pdfs/np14-i4xxx-info.pdf>, retrieved from internet Feb. 22, 2010.*

* cited by examiner

OP000359

Case 1:12-cv-05734-RJD-VMS   Document 52-2   Filed 03/11/13   Page 32 of 37 PageID #: 429



Fig. 1

OP000360

Case 1:12-cv-05734-RJD-VMS   Document 52-2   Filed 03/11/13   Page 33 of 37 PageID #: 430



# Fig. 2

OP000361

Case 1:12-cv-05734-RJD-VMS   Document 52-2   Filed 03/11/13   Page 34 of 37 PageID #: 431



## Fig. 3

OP000362

Case 1:12-cv-05734-RJD-VMS   Document 52-2   Filed 03/11/13   Page 35 of 37 PageID #: 432



## Fig. 4

OP000363



Fig. 5                    Fig. 6

OP000364



Fig. 7



Fig. 8